No. 1184.

MARTHA L. SOJOURNER vs. ELIZABETH A. FOURNEY.

There is no provision of our law that forbids an administrator from buying property mortgaged to pay a succession debt, and where the proceedings are regular and free from the imputation of fraud, and the sale has been followed by an undisturbed and continuous possession of more than ten years, the purchaser is protected by prescription.

Nor will the fact that the sale was made upon a mortgage note due the succession, which was credited with the amount of the adjudication, vitiate the sale if the administrator charges himself in his account with said amount.

APPEAL from the Nineteenth District Court, Parish of St. Mary. Goode, J.

---

D. Caffery for Plaintiff and Appellant.

A. C. Allen and M. J. Foster for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The plaintiff, describing herself as one of the forced heirs of James Campbell, deceased, alleges in substance that another of said heirs, the defendant herein, was appointed administratrix of his succession ; that under an order of seizure and sale taken out by the defendant as administratrix, on certain promissory notes belonging to the succession, secured by mortgage on the property described in the petition, she, the defendant, in the year 1868, had purchased the said mortgaged property for two thousand dollars, and had since been in the use, occupancy and enjoyment of the same. That the property was then and now worth five thousand dollars, and its rental $500 per annum. That subsequently the defendant as administratrix had filed her account, in which she had charged herself with the amount at which the property had been adjudicated to her, which account she, the plaintiff, had opposed.

It was further alleged, that the defendant as administratrix had no right to buy the property in her own name, and that the adjudication should have been made to the succession, and it was prayed that the property be decreed to belong to the succession, and that the defendant account for its revenues, and be destituted of the administration of the succession.

The petition was filed on the 1st of December, 1882.

The defendant excepted to the suit: 1st, on the ground of no cause of action, and 2d, that the action was barred by the prescription of ten years, basing this plea upon the fact alleged that she, defendant, had been in the peaceable and undisturbed possession of the property for ten years as *bona fide* owner, under a title translative of property.

The plea of prescription was sustained and the suit dismissed, and from this judgment the plaintiff appeals.

We think the judgment correct.

There is no provision of our law that forbids an administrator from purchasing property at a judicial sale made to pay a mortgage debt of a succession, provided the proceedings are regular and free from any charge of fraud or other radical vice. An administrator, if an heir, as in the instant case, or survivor in the community, may even purchase succession property sold under an order procured by himself.

Moreover, an administrator is entirely without authority to buy property for a succession, unless in exceptional cases where the purchase might properly be regarded as an act of administration, as for instance the buying of supplies and other things necessary for the cultivation of a growing crop belonging to the succession, or the preservation of its property, or the like. Therefore, the defendant as administratrix

could not legally have acquired or bought the property in question for the succession. Had she done so, the sale would have amounted to nothing, unless ratified by the heirs and creditors, a risk which the administratrix would not have been warranted in taking.

Nor does the fact that the notes of the succession were used in making the purchase vitiate the sale, since the amount of the adjudication is accounted for, as the plaintiff alleges to be the case.

The defendant, therefore, not being legally incapacited from making this purchase, and having occupied and possessed the land without objection from the plaintiff or the other heirs or the creditors of the succession, and without disturbance from any quarter, for at least twelve years, under a sheriff's sale, a title translative of the property, she was fully protected by the prescription pleaded.

The judgment of the District Court is, therefore, affirmed with costs.